UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SCOTT PFOFF,<br><br>Defendant. | Case No. 18-CR-74 (SRN/KMM)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Katharine Buzicky and Sarah Huddleston, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Christopher Scott Pfoff, No. 21456-041, USP-Marion, P.O. Box 1000, Marion, IL 62959, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

**I. INTRODUCTION**

This matter is before the Court on Defendant Christopher Scott Pfoff's Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 51].[1] Based on a review of the file, record and proceedings therein, and for the reasons set forth below, the Court denies his motion.

**II. BACKGROUND**

In April 2018, the Government charged Pfoff with one count of production of child

---

[1] Although Pfoff is the petitioner in this motion, because the current filings are found in the underlying criminal docket, the Court refers to him as "Defendant" or "Pfoff" throughout this ruling.

1

pornography, and attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e).[2] (Indictment [Doc. No. 12] at 2–8.) The Indictment alleged that Pfoff, who was working as a personal care attendant for Minor A, a vulnerable minor male, began secretly video recording Minor A when he was nude, between approximately May 2017 and February 2018. (*Id.* at 1.) The Government contended that Pfoff used a Motorola cellular telephone and a Dell laptop to produce these visual materials. (*Id.* at 6.) In addition, the Indictment alleged that during this time, Pfoff was using peer-to-peer software to download child pornography from the internet. (*Id.* at 1.)

On May 22, 2018, Pfoff entered a guilty plea in this Court pursuant to a plea agreement (the "Plea Agreement") [Doc. No. 24]. At the plea hearing, Pfoff admitted to the criminal conduct. (Plea Hr'g Tr. [Doc. No. 57] at 29.) He stated that he understood the charge, had discussed it with his attorney, Bruce Rivers, and had read the Indictment and Plea Agreement, which he also had discussed with Mr. Rivers. (*Id.* at 5, 10, 13, 27.) The Court and prosecutor discussed the elements and facts of the crime with Defendant, who admitted that he had produced and attempted to produce child pornography depicting Minor A, using his Motorola cell phone and Dell laptop to produce and store the videos. (*Id.* at 23, 26–27.)

On December 21, 2018, finding criminal history category I applicable, the Court sentenced Pfoff to a term of 360 months in prison. (*See* Dec. 21, 2018 Minute Entry [Doc. No. 43]; Sentencing J. [Doc. No. 44].)

---

[2] On March 5, 2018, the Government initially charged Pfoff through a criminal Complaint [Doc. No. 1]. It filed an Amended Complaint [Doc. No. 6] on March 7, 2018, attaching the affidavit of FBI Task Force Officer Dale Hanson. The Hanson Affidavit provided additional details regarding the investigation.

Pfoff did not file a direct appeal. On November 12, 2019, he timely filed the instant pro se motion to vacate under 28 U.S.C. § 2255.

## III. DISCUSSION

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

While § 2255 generally affords relief, it is only available in limited circumstances. The Eighth Circuit has held that:

> "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." . . . [A petitioner] may not raise a constitutional issue in the first instance on collateral review "without establishing both cause for the procedural default and actual prejudice resulting from the error."

*Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). The petitioner bears the burden of proof as to each ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citing *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969)).

In his § 2255 motion, Pfoff asserts the following claims: (1) the Government failed to show an interstate commerce nexus, as required by the applicable statute of conviction; (2) the evidence failed to establish that a crime had been committed, as set forth in the applicable statute; (3) the lack of a valid indictment; and (4) ineffective assistance of counsel. (*See* Pet. at 4–10 & Attachments A–D.)

A. **Meeting the Requirements of the Statute**

Pfoff asserts two bases for relief that he describes as jurisdictional: (1) the charged conduct had no effect on interstate commerce; and (2) no crime had been committed, as "there was no sexually explicit conduct in the videos." (*Id.* at 4–5.)

The applicable statute, 18 U.S.C. § 2251(a) provides, in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished . . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Pfoff asserts that he purchased the Motorola cell phone within Minnesota, and all interstate commercial acts involving the phone occurred before his purchase. (Pet., Attachment A.) Thus, he argues, the Government was required to prove that his cell phone moved in interstate commerce *after* he acquired it. (*Id.*)

The Eighth Circuit has rejected this argument, finding that as long as the materials used to produce child pornography moved in interstate commerce prior to the commission of the offense, the statutory nexus is established. *See United States v. Wallace*, 713 F.3d 422, 429 (8th Cir. 2013) (finding government met its burden to establish the interstate commerce element by showing that videotape depicting child pornography had been assembled in China, then shipped to Los Angeles, before arriving in Arkansas); *United States v. McCloud*, 590 F.3d 560, 569 (8th Cir. 2009) (finding government sufficiently established that memory card containing pornographic images of a minor had crossed state

4

lines, as it was manufactured in Taiwan, then shipped to the United States, prior to its use by the defendant.); *United States v. Bausch*, 140 F.3d 739, 740–41 (8th Cir. 1998) (affirming constitutionality of statute in case where defendant took photographs using a Japanese camera that had been previously transported in interstate or foreign commerce).

At Pfoff's hearing on his change of plea, he expressly acknowledged that the cell phone and the computer he used to produce child pornography were manufactured outside of Minnesota. (Plea Hr'g Tr. at 23, 26–27.) Because these items were manufactured outside the state, they moved in interstate commerce prior to the offense. Accordingly, the Court finds this element was satisfied and this basis of relief is denied.

Pfoff's other purportedly jurisdictional argument—that the video recordings of a minor fail to depict sexually explicit conduct—also fails. As a procedural matter, this argument could have been raised on direct appeal, and Pfoff has failed to show cause or prejudice as to why he did not do so. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998) (citations omitted) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") In addition, it fails on the merits.

Under the law, "sexually explicit conduct" includes masturbation and the lascivious exhibition of the anus, genitals, or pubic area of any person. 18 U.S.C. § 2256(2)(A). A sexualized display of adult genitals near a minor can also constitute child pornography. *See United States v. Lohse*, 797 F.3d 515, 520–22 (8th Cir. 2015). The images in question depict Minor A with an erection while Pfoff measures his genitals; Pfoff and Minor A

discussing how to put on a condom while Minor A has an erection; and Pfoff masturbating, followed by Minor A entering a room in a towel. (Plea Agmt. ¶ 2(f).) Unquestionably, these videos depict masturbation and the "lascivious exhibition of the genitals" of the victim and Pfoff. Accordingly, this ground of relief fails.

B. Validity of Indictment

As noted, Pfoff also argues that there is no valid indictment because there is "no signature from an attorney for the government nor the foreperson of the Grand Jury" on the document. (Pet., Attachment C.) Pfoff points to Fed. R. Crim. P. 7(c)(1), which discusses the nature and contents of an indictment and requires that it be signed by a government attorney.

Again, this is an argument that could have been asserted on direct appeal, and is procedurally defaulted for Pfoff's failure to raise it or to explain why he failed to do so. *Bousley*, 523 U.S. at 622–23. In addition, it fails on the merits.

The Government correctly observes that the practice in this District is for a redacted indictment, without any signatures, to be published on the electronic docket. (Gov't's Opp'n [Doc. No. 65] at 11.) The original Indictment was, in fact, signed by counsel for the Government and the grand jury foreperson. (*Id.* at n.3.)

Accordingly, because the Indictment was properly signed, this ground of relief is unavailing.

C. Ineffective Assistance of Counsel

Pfoff specifies the following bases in support of his claim that he received ineffective assistance of counsel: (1) he did not see the Indictment and did not see the Plea

6

Agreement until 10 minutes before the hearing on his change of plea, (Pet. at 7 & Attachment D); (2) he was "pushed" into a plea at the time, as he also lacked access to prescribed "psychotropic medication," (*id.* at Attachment D); and (3) his counsel "fail[ed] to investigate by way of a psychological evaluation." (*Id.*)

Within the context of § 2255, to establish ineffective assistance of counsel, a movant must satisfy the "heavy burden" of the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Apfel*, 97 F.3d at 1076. Under *Strickland*, "a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). This deficient performance must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant must show that counsel's errors were not the result of "reasonable professional judgment." *Id*. at 690.

Meeting the first prong of *Strickland* requires proof that counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688. A court's review of counsel's performance is highly deferential, and there is a strong presumption of adequate assistance. *Id.* at 690. The second element requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In a case involving a plea agreement, this requires a showing that "there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *York v. Lockhart*, 856 F.2d 61, 63 (8th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Pfoff contends that if he had

had effective assistance of counsel, he would not have accepted the plea offer and would have gone to trial. (Pet., Attachment D.)

As an initial matter, Pfoff generally asserts that his counsel was ineffective for failing to assert the arguments discussed separately above (i.e., whether the interstate commerce requirement was met, whether the depicted acts were sexually explicit, and whether the Indictment was signed). (*Id.*) ("Counsel was ineffective for not bringing to light any of the above mentioned issues[.]") But for the reasons stated earlier, any such arguments would have been legally and factually futile. Accordingly, counsel's "failure" to raise these arguments cannot form the basis for an ineffective assistance of counsel claim. *See Clemons v. Armontrout*, 921 F.2d 187, 191 (8th Cir. 1990) (finding that counsel's failure to raise a meritless argument could not support an ineffective assistance of counsel claim).

As to Pfoff's even more general assertion that his counsel was ineffective for "not arguing or raising any defense and for playing a passive role in criminal proceedings," (Pet., Ground 4), to the extent that it covers other, unspecified conduct, it is entirely conclusory and vague. It fails to specify the conduct in question and fails to demonstrate how Pfoff was prejudiced. Moreover, this general assertion is belied by Mr. River's performance, as reflected in the transcripts and supporting affidavit, which demonstrate effective legal representation. *See Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (finding no error in denying evidentiary hearing on ineffective assistance claims which were stated in conclusory fashion and were contradicted by counsel's performance, as revealed by the trial transcript.). Further, at the plea hearing, Pfoff acknowledged that

he was satisfied with Mr. Rivers' legal services. (Plea Hr'g Tr. at 5–6.) Accordingly, for all of these reasons, the Court rejects these general grounds of relief.

### 1. Petitioner's Review of Indictment and Plea Agreement

Pfoff's more specific claim that he did not have an opportunity to review the Indictment and Plea Agreement is also contradicted by the record. At the plea hearing, Pfoff stated under oath that he had read and discussed the charges in the Indictment with Mr. Rivers. (*Id.* at 5, 10, 27.) Similarly, he stated that he had reviewed and discussed the Plea Agreement with him. (*Id.* at 13.)

As part of the Government's filing in opposition to Pfoff's Petition, it provides an affidavit from Mr. Rivers. *See United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (noting that a client waives the attorney-client privilege by asserting a claim based on the erroneous advice of counsel). Mr. Rivers describes several phone calls and meetings with Pfoff, limited to the claims asserted by Pfoff. (Rivers Aff. [Doc. No. 65-1] ¶¶ 12–13.) Specifically, he states that Pfoff reviewed the original Complaint at his detention and arraignment hearing, understood its contents and his rights, and did not dispute any of the allegations, nor express any lack of understanding. (*Id.* ¶ 4.) Mr. Rivers further states that the Indictment was read to Pfoff on April 26, 2018, at which time Rivers and Pfoff met for approximately two hours. (*Id.* ¶ 6.) At that meeting, they discussed possible defenses. (*Id.*) Mr. Rivers also attests that he and Pfoff went over the Government's evidence. (*Id.* ¶ 7.) He states, "Mr. Pfoff was resigned to the fact that surreptitiously recording a[] . . . teen boy putting on a condom . . . and various other surreptitious recordings of the same teen getting undressed were in violation of the law as it was explained to him and he

9

decided to plead guilty as quickly as possible with an explanation." (*Id.*)

As to the Plea Agreement, Mr. Rivers received it on April 6, 2018. (*Id.* ¶ 9.) He notes that the Plea Agreement called for Pfoff to plead guilty to one count of production of child pornography, whereas absent an agreement, the Government planned to charge each separate video as a count of production. (*Id.*) If the Government did so, Mr. Rivers states, Pfoff would have been subject to a significantly higher Guidelines calculation. (*Id.*) After receiving the Plea Agreement, Mr. Rivers "met with Mr. Pfoff shortly thereafter and went over and read the Plea Agreement to him." (*Id.*) In addition to Pfoff's own sworn statements at the plea hearing, this evidence overwhelmingly refutes Pfoff's current contention that he was never shown a copy of the Indictment and only saw the "plea deal 10 minutes before court met." (Pet., Attachment D.)

Thus, the Court finds that the evidence in the record fails to meet the two prongs necessary to demonstrate ineffective assistance of counsel. First, Pfoff has not shown that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Second, he has not shown a reasonable probability that, but for the errors of counsel, Pfoff would not have pleaded guilty and would have insisted on going to trial. *York*, 856 F.2d at 63.

**2. Pressure to Accept Plea Offer**

As noted, Pfoff also argues that his counsel was deficient for "push[ing]" him to accept the plea offer without "giv[ing] [him] time to actually weigh the merits of such a deal," despite counsel's knowledge that Pfoff had not received his daily dose of psychotropic medications prior to the plea hearing. (Pet., Attachment D.)

10

Again, the record contradicts Pfoff's claims. While under oath, Pfoff informed the Court that despite lacking his medication, he was able to participate in the hearing, was not in any physical pain, was able to think clearly, and understood the Court's questions. (Plea Hr'g Tr. at 5.) Moreover, he testified that he discussed the charges with Mr. Rivers, told him everything that he wanted him to know, and was satisfied with his services. (*Id.* at 5–6.) Furthermore, he affirmed that he had read the Plea Agreement and discussed it with counsel. (*Id.* at 13.) Finally, he stated that he entered a guilty plea voluntarily and of his own free will, without force or coercion. (*Id.* at 29.)

Mr. Rivers' affidavit comports with Pfoff's testimony at the plea hearing. First, Mr. River attests that he lacked any information that Pfoff was on any medication, let alone that he had sought treatment for a medical condition. (Rivers Aff. ¶ 10.) He contends that at no time did Pfoff inform him that he was denied medication or that he was having trouble understanding the proceedings. (*Id.*) To the contrary, Mr. Rivers states that all of his interactions with Pfoff indicated that he was "was fully aware and able to think clearly." (*Id.*) Ultimately, Mr. Rivers asserts that in light of the prospect of more charges and the possibility of a higher Guidelines calculation, "the decision to plead was made by Mr. Pfoff and not by me." (*Id.* ¶ 11.)

Contrary to Petitioner's assertions, the record demonstrates no deficiencies in counsel's performance in this regard. Because this ground of relief is fully contradicted by the record, it is denied.

### 3. Request for Psychological Evaluation

Petitioner also claims that his counsel was ineffective for "failing to investigate by

11

way of a psychological evaluation." (Pet., Attachment D.) He contends that he "routinely asked to have a psychological evaluation" and although his counsel "agreed it would be beneficial," he failed to arrange it. (*Id.*) Mr. Rivers denies any such conversations, and states, "At no time was a psychological evaluation ever contemplated or promised by me." (Rivers Aff. ¶ 11.)

Pfoff does not identify the type of psychological evaluation he claims to have requested, nor its purpose. Nor does he explain how he was prejudiced in this regard, whether with respect to his decision to plead guilty or with respect to the effect of such an evaluation on the length of his sentence. In *Ramos v. Weber*, 303 F.3d 934, 937 (8th Cir. 2002), the Eighth Circuit rejected a claim that counsel was ineffective at sentencing for failing to request psychological assessments of the defendant's rehabilitation potential. The court stated, "Even if the opinions had been requested and offered at sentencing, the trial court was not required to accept the expert's opinions on rehabilitation." *Id.* To the extent that Pfoff contends that a psychological evaluation might have had an effect on his sentencing, the Court acknowledged Pfoff's terrible childhood history at sentencing, which was also reflected in the PSR, and further acknowledged by counsel for the Government and the victim. However, the Court also noted Pfoff's history of child pornography crimes, his victimization of a vulnerable minor who was entrusted to his care, and his efforts to destroy evidence. (*See* Sentencing Tr. [Doc. No. 58] at 18–20.) A psychological evaluation would not have meaningfully added to the information before the Court when it fashioned Pfoff's sentence.

And to the extent Pfoff contends that a psychological evaluation would have altered

his decision to plead guilty and go to trial instead, he fails to provide any factual or legal support for such a position. Accordingly, the Court finds that Pfoff has not shown that counsel's performance in not requesting a psychological evaluation fell below an objective standard of reasonableness, nor that he was prejudiced by counsel's actions. *Strickland*, 466 U.S. at 687. This ground of relief fails.

### D. Evidentiary Hearing

A § 2255 motion may be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado*, 162 F.3d at 983. Moreover, where the record includes all of the information necessary for the court to rule on the motion, an evidentiary hearing is unnecessary. *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted). Applying this standard to the allegations and the record, the Court finds that Pfoff fails to meet the requirements identified in *Delgado*, 162 F.3d at 983, and the record here includes all the information necessary for the Court to rule. *Covey*, 377 F.3d at 909. Accordingly, no evidentiary hearing is required in this case.

### E. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable

13

among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant Pfoff's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Doc. No. 51] is **DENIED**;
2. No evidentiary hearing is required in this matter; and
3. A certificate of appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 26, 2020

s/Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge