UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Christopher Scott Pfoff,<br><br>Defendant. | Case No. 18-CR-74 (SRN/KMM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Katharine Buzicky and Sarah Huddleston, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Christopher Scott Pfoff, No. 21456-041, USP-Marion, P.O. Box 1000, Marion, IL 62959, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Christopher Scott Pfoff's Pro Se Motion to Set Aside Judgment Pursuant to Rule 60(b)(4) [Doc. No. 91] and his accompanying motion to proceed in forma pauperis [Doc. No. 92]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** Pfoff's motions.

**I.   BACKGROUND**

   **A.   History of the Case**

The Court is familiar with the facts and history of this case, having previously ruled on Pfoff's prior Motion to Vacate under § 2255. *See United States v. Pfoff*, No. 18-cr-74 (SRN/KMM), 2020 WL 2539293 (D. Minn. May 19, 2020), *appeal dismissed*, 20-1615,

1

2020 WL 7055822 (8th Cir. July 14, 2020), *cert. denied*, 141 S. Ct. 1447 (2021), *reh'g denied*, 141 S. Ct. 2560 (2021). Accordingly, the Court only briefly recounts the history of this case as relevant to this motion.

### 1.   Factual History, Indictment, Guilty Plea, and Sentencing

In April 2018, the Government charged Pfoff with one count of production of child pornography, and attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). (Indictment [Doc. No. 12] at 2–8.)

On May 22, 2018, Pfoff entered a guilty plea in this Court pursuant to a plea agreement (the "Plea Agreement") [Doc. No. 24]. At the plea hearing, Pfoff admitted to the criminal conduct. (Plea Hr'g Tr. [Doc. No. 57] at 29.) And on December 21, 2018, the Court sentenced Pfoff to a term of 360 months in prison. (*See* Dec. 21, 2018 Minute Entry [Doc. No. 43]; Sentencing J. [Doc. No. 44].) Pfoff did not file a direct appeal.

### 2.   Prior § 2255 Motion

On November 12, 2019, Pfoff timely filed a pro se motion to vacate under 28 U.S.C. § 2255 [Doc. No. 51]. Initially, on February 26, 2020, the Court denied Pfoff's § 2255 Motion, (Feb. 26, 2020 Order [Doc. No. 67] ), and judgment was entered against him [Doc. No. 68]. However, at that time, Pfoff had not yet filed his reply. When Pfoff subsequently filed his reply [Doc. No. 69], dated March 10, 2020, the Court vacated its February 26, 2020 Order and the February 27, 2020 Judgment, and ordered further briefing so that it could consider Pfoff's reply. (Apr. 3, 2020 Order [Doc. No. 76].)

In his § 2255 motion, Pfoff asserted the following claims: (1) the Government failed to show an interstate commerce nexus, as required by the applicable statute of conviction;

(2) the evidence failed to establish that a crime had been committed, as set forth in the applicable statute; (3) the lack of a valid indictment; and (4) ineffective assistance of counsel. (Def.'s Mot to Vacate [Doc. No. 51] at 4–10.) On May 19, 2020, after considering Pfoff's arguments, the Court denied his § 2255 Motion, and denied both an evidentiary hearing and certificate of appealability. *Pfoff*, 2020 WL 2539293 at *10.

    **B.**    **The Instant Motion**

On October 8, 2021, Pfoff filed the instant motion to set aside as void the Court's December 21, 2018 judgment pursuant to Rule 60(b)(4). (Def.'s Mot. [Doc. No. 91].) He contends that the Court lacked legal jurisdiction over this action, citing the unsigned Indictment filed on the docket. (*Id.* at 1.) This is an argument that Pfoff previously raised in his § 2255 motion.

The Government responded to Pfoff's motion [Doc. No. 94], and contends that Pfoff is inappropriately raising a successive § 2255 motion. (*Id.* at 1.) Further, the Government explains that it is standard practice in this district to file a redacted, unsigned version of the indictment, and that Pfoff's motion would also fail on the merits. (*Id.* at 6.)

**II.**    **DISCUSSION**

    **A.**    **Petitioner's Motion is a "Second or Successive" Habeas Petition**

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a[n] . . . order" if the order is "void." Fed. R. Civ. P. 60(b)(4). Such a motion, however, must not be in fact a successive § 2255 petition. *See, e.g.*, *United States v. Borrero*, Nos. 03–281, 08–1160, 2010 WL 3927574, at *1 (D . Minn. Oct. 5, 2010). Under § 2255, "a second or successive § 2255 motion may not be entertained by a

3

district court unless the defendant has obtained approval from the Court of Appeals." *Id.* (citations omitted). Moreover, a defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other procedure. *United States v. Washington*, No. 06–1476, 2007 WL 60401, at *1 (8th Cir. Jan. 10, 2007); *see also United States v. Moss*, No. 05–2700, 2006 WL 870796, at *1 (8th Cir. Apr. 6, 2006); *United States v. Williams*, No. 05–2237, 2006 WL 688186, at *1 (8th Cir. Mar. 20, 2006). If a purported Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the motion . . . to the Court of Appeals." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam).

     A review of Pfoff's motion demonstrates that it is a successive habeas petition. Pfoff previously raised the argument that his Indictment was unsigned, and consequently the Court lacked jurisdiction, in his § 2255 motion. *United States v. Pfoff*, 2020 WL 2539293 at *10. The court rejected that argument. *Id.* Where a Rule 60(b) motion raises issues that were raised in the initial § 2255 motion, "the Rule 60(b) motion [is] a successive § 2255 motion" for which the petitioner must first obtain the authorization. *United States v. Matlock*, 107 Fed. App'x 697, 698 (8th Cir. 2004). Accordingly, as Pfoff raised the issue of his unsigned Indictment during his initial § 2255 motion, and raises it again here, his Rule 60(b) motion is a successive § 2255 motion. As a successive motion under § 2255, the Court dismisses it for "failure to obtain authorization" from the Eighth Circuit. *Boyd*, 304 F.3d at 814.

### B.    Petitioner's Motion Fails Procedurally and on the Merits

Even assuming Defendant's motion is a proper Rule 60(b)(4) motion, it still fails because it is untimely. Federal Rule of Civil Procedure 60(c)(1) requires that a motion under Rule 60(b)(4) be "made within a reasonable time," meaning 30 days from the date of judgment. *See* Fed. R. App. P. 5(a)(2) (noting that Fed. R. App. P. 4(a) applies where no other rule sets forth a different time limit for appeal); Fed. R. App. P. 4(a)(1)(A) (providing 30 days from date of judgment to file an appeal in a civil case). Defendant disputes the validity of the Sentencing Judgment signed on December 21, 2018. Considering the present motion was filed in on October 8, 2021, long after the applicable 30-day window for any appeal, it is untimely.

But even if Pfoff's motion is construed as a Rule 60(b)(1) motion and it had been timely filed, it would still fail on the merits. As noted, Pfoff argues that the Indictment is invalid because there is "no signature from an attorney for the government nor the foreperson of the Grand Jury" on the document. (Pet., Attachment C; Reply at 3–4.)  Pfoff argues this violates Fed. R. Crim. P. 7(c)(1), which discusses the nature and contents of an indictment and requires that it be signed by a government attorney. (Reply at 3–4.)

The Government correctly observes that the practice in this District is for a redacted indictment, without any signatures, to be published on the electronic docket. (Gov't's Opp'n [Doc. No. 65] at 11); *United States v. Spencer*, No. 14-cr-322 (SRN/TNL), 2015 WL 5008968, at *8 (D. Minn. Aug. 18, 2015) ("Pursuant to routine practice in this District, the Clerk of Court filed an unsigned copy of the indictment."); *United States v. Riley*, Case No. 09-cr-98 (PJS/RLE), 2009 WL 1954633, at *6 (D. Minn. July 6, 2009); *see also Hobby*

5

*v. United States*, 468 U.S. 339, 345 (1984) ("[T]he absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."). And the original Indictment was signed by counsel for the Government and the grand jury foreperson. (*Id.* at n.3.) Accordingly, because the indictment was properly filed and signed, Pfoff's motion must be denied.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion to Set Aside Judgment Pursuant to Rule 60(b)(4) [Doc. No. 91] is **DENIED**.

2. Defendant's Pro Se Motion to proceed *in forma pauperis* [Doc. No. 92] is **DENIED** as moot.

Dated: December 14, 2021                           s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge